# IN THE DISTRICT COURT OF THE SOUTHERN DISTRICT OF ALABAMA

**CHASE ANDERSON ROMAGNANO,**
                **Plaintiff**

\*     **CASE NO.: 15-88 WS.M**
\*
**vs.**        \*
\*

**ROBERT SMITH**
Judge, 13th Judicial Circuit of Alabama,

            **Defendant separately and jointly,**

**DON DAVIS**
**Probate Judge of Mobile County, Alabama**

            **Defendants separately and jointly,**

**MICHEAL MCMAKEN,**
**District Judge of Mobile County, deceased**
**Defendant separately and jointly**

**ROBERT "BOB" SHERLING,**
**District Judge of Mobile County,**
**Defendant separately and jointly**

**SAMUEL COCHRAN**
**Sheriff of Mobile County**
**Defendant jointly and separately**

**TREY OLIVER**
**Warden, Mobile County Metro Jail**
**Defendants jointly and separately**

**JOJO SCHWARZAUER**
**Circuit Clerk of Mobile County, Alabama**

            **Defendant separately and jointly,**

**ASHLEY RICH**
**District Attorney of Mobile County, Alabama**

**MATTHEW PAUL SIMPSON,**

FILED MAR 3 '15 PM 3:28 USDC-ALS

**Assistant District Attorney of Mobile County, Alabama**

**Co-defendants jointly and separately**

**DENNIS OWENS,**
**Officer in the Mobile Police Department,**
**Defendant separately and jointly**

                                  *

                  *

### 14th AMENDMENT DUE PROCESS COMPLAINT AGAINST JUDGE ROBERT H. SMITH OF THE 13th JUDICIAL CIRCUIT OF ALABAMA AND OTHERS AND REQUEST FOR RELIEF NOT LIMITED BUT INCLUDING TO JUDICIAL ORDERS OF SITTING JUDGES OF THE SOUTHERN DISTRICT OF ALABAMA AND INJUNCTIVE RELIEF

**COMES NOW** this date of March 3, 2015, Chase Anderson Romagnano, plaintiff, herein referred to as "the plaintiff", representing himself pro se in the filing of addendum to his original complaint and request for injunctive relief in case 15-88-WS.M and any other relief that this court is able to grant as is his right per *Faretta v. California* 422 U.S. 806 (1975) prays that this Honorable Court grant the relief that he seeks so that his due process rights under both the 14th Amendment of the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901, as this concerns a case in the Alabama state judicial system governed under Alabama law, may be carried out. The plaintiff is not well versed in federal procedure and the main federal cases he is well versed in are those that deal with the specific matter he wishes to bring before this court.

On August 9, 2012 plaintiff was arrested in Mobile, Alabama under a charge of "making terrorist threats." The plaintiff subsequently had an involuntary commitment petition filed by the arresting officer, Dennis Owens of the Mobile Police Department. At no time during the time that this particular case was before the Probate Court of Mobile

County, Case No: 12-1692 was the plaintiff informed that this was an involuntary commitment.

As the plaintiff is a sportsman in the tradition oft had by Southern men and especially Alabama men who cherishes his gun rights and as the plaintiff was under extreme duress the potential loss of his gun rights is what disturbed him most. The initial court appointed attorneys that the plaintiff saw during the time that 12-1692 was before probate advised him to stipulate without ever informing him that stipulation was effectively establishing the facts offered by the petitioner as incontrovertible facts that could not be challenged and which could be used as the basis of the criminal case.

Later on during the probate process another attorney, Holberg, took up the role of defending the plaintiff. The plaintiff expressed his concerns about losing his gun rights to Holberg and plaintiff stipulated in 12-1692 without being fully aware of what he was doing (namely establishing the alleged fact pattern in the petition as the formal undisputed fact pattern of the case) and was led to believe that it was only an involuntary commitment that caused the loss of gun rights if an officer testified and that by stipulating there would be no testimony from an officer and that as such it was a voluntary commitment and therefore the plaintiff's gun rights would be maintained.

Had the plaintiff been aware and fully cognizant that what he was doing was in effect agreeing to a fact pattern that he intended to dispute the plaintiff would have never stipulated but as long as the ruling 12-1692 remains in place the plaintiff is hindered in his attempts to present the defense he wishes in the terrorist threats case, now pending before the 13th Judicial Circuit of Alabama, as the fact pattern in 12-1692 that was stipulated to is a fact pattern that does establish guilt for the first element of Alabama

Statute § 13A-10-15 that the plaintiff is charged under, namely the fact pattern stipulated to does state that the plaintiff made a statement that was a "threat to commit a crime of violence or damage property" which is the first necessary element for a conviction of terrorist threats under Alabama law.

The plaintiff was under extreme duress at the time due to the house fire of May 18, 2012 which killed his mother and which he barely survived and the circumstances that followed it when the matter came up before probate and having been to law school for 2 months in 2010 with a strong desire to return, more so because of all he has been through in this case, the plaintiff tends to approach language with a precision and the plaintiff in stipulating was led to believe that he was agreeing to go in for the evaluation, not that he was agreeing to the fact pattern.

The problem the plaintiff has is that his discussions were in the privacy of the rooms of Government Plaza and were not on tape and so ultimately it comes to his word versus the lawyers and the lawyers seeking to protect their reputation will say that they did clearly inform the plaintiff when the plaintiff contends they did not and plaintiff believes that in light of the conflict and because this effects the defense that the plaintiff wishes to present in a criminal trial where the difference between innocence and guilt is between being a felon and not being a felon, with all the disenfranchisements of rights that come along with status as a convicted felon that for the benefit of reasonable doubt that the plaintiff is entitled to as a defendant in the criminal case .

Because this affects his rights to receive a fair trial the plaintiff wishes to have the ruling in 12-1692 vacated and ruled null so that the plaintiff can present his defense to the terrorist threat charges offered by the State of Alabama under the auspices of the Mobile

County District Attorney's Office and Assistant District Attorney Matthew Paul Simpson that he believes will prove his innocence. Specifically the state's entire case for the "terrorist threat" charge rests on one alleged email and in particular the term "warpath" and the text of the email that word was contained in.

As long as the fact pattern stipulated to, without full understanding by the plaintiff at the time that this is what was being done, remains in place then the plaintiff cannot present his defense, namely that there was no intent to threaten and that nothing in the alleged email rises to the level of "threaten to commit a crime of violence or against property" and that his multiple motions to dismiss the charges based on lack of substantiating evidence should be granted.

Nothing in the text of the email alleged by the state to be a "terrorist threat" is prima facie language that threatens to commit a crime of violence or against property. Persons could certainly construe such strident language as such but the language is so vague that it is up to the interpretation of each individual person and it is the kind of thing where two reasonable persons could read the statement and one person would say that it did meet the standard for terrorist threats under Alabama law and another person would state that it did not.

Many states have a terrorist threats statute as it was a statute that was first added to the Model Penal Code in the 1960's and subsequently passed in state legislatures across the country. It was noted by the Alabama Court of Criminal Appeals in *PJB v. State of Alabama* 999 So.2d 581 (2008) that the terrorist threats statue in the Alabama Code of 1975 is unlike the statute found in any other state. It was also noted that:

"'Ambiguous statutes must be narrowly interpreted, in favor of the accused.'
*United States v. Herring*, 933 F.2d 932, 937 (11th Cir 1991). 'It is well established that
criminal statutes should not be "extended by construction."' *Ex Parte Evers*, 434 So.2d
813,817 (Ala. 1983). 'Criminal statutes must be strictly construed, to avoid ensnaring
behavior that is not clearly proscribed.'" United States v. Bridges, 493 F.2d 918, 922 (5th
Cir. 1974).

"'In *United States v. Boston & M. RR Co.*, 380 U.S. 157, 85 S.Ct. 868, 870, 13
L.Ed.2d 728 (1965) the Supreme Court stated:

"'" A criminal statute is to be construed strictly, not loosely. Such are the
teachings of our cases from *United States v. Wiltberger*, 5 Wheat 76, 5 L.Ed. 37 [(1820)],
down to this day. Chief Justice Marshall said in that case:

"'"' The rule that penal laws are to be construed strictly, is perhaps, not much less
old than the construction itself. It is founded on the tenderness of the law for the rights of
the individuals; and on the plain principal that the power of punishment is vested in the
legislative, not in the judicial department.' Id., p.95.

"'"' The fact that a particular activity may be within the same general
classification and policy of those covered does not necessarily bring it within the ambit of
the criminal prohibition. *United States v. Weitzel*, 246 U.S. 533, 38 S.Ct. 381, 62 L.Ed.
872 [(1918)]."

"'Moreover, "one' is not to be subjected to a penalty unless the words of the
statute plainly impose it,' *Keppel v. Tiffin Savings Bank*, 197 U.S. 356, 362, 25 S.Ct. 443,
49 L.Ed. 790 [(1905)]. 'When choice has to be made between two readings of what
Congress has made a crime, it is appropriate, before we choose the harsher alternative, to

require that Congress should have spoken in language that is clear and definite.' *United States v. Universal C.I.T Credit Corp.*, 344 U.S. 218, 221-222, 73 S.Ct. 227, 229-230, 97 L.Ed. 260 [(1952)]." *United States v. Campos-Serrano*, 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971).'

"Bridges, 493 F.2d at 923.

"'Words used in the statute must be given their natural, plain ordinary, and commonly understood meaning.' *Alabama Farm Bureau Mut. Casualty Ins. Co. v. City of Hartselle* 460 So.2d 1219, 1233 (Ala. 1984). The general rule of construction for the provisions of the Alabama Criminal Code is found in Ala. Code 1975 § 13A-1-6: 'All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in section 13A-1-3.' Among the purposes stated in §13A-1-4 is that found in subsection (2): 'To give fair warning of the nature of the conduct proscribed.'"

Plaintiff contends that under the strict construction that must be applied to criminal statutes the fact that the language that the state alleges is a terrorist threat under § 13A-10-15 does not meet the standard because two reasonable persons when faced with the same evidence would differ on whether or not there was a threat to commit a crime of violence or a damage to any property because of the vagueness of the language that the state alleges constitutes the terrorist threat.

In absence of the stipulation the plaintiff contends that the state has no case whatsoever and that this matter should rightly be dismissed with prejudice for lack of supporting evidence as the plaintiff sought in a motion filed on May 16, 2014 in the court

of Judge Robert Smith, with subsequent addenda to that motion filed on the dates of May 19 and May 27th as well as what is essentially a restatement of much of what is in the May 16, 2014 motion to dismiss and subsequent addenda but in proper motion format filed December 21, 2014.

Plaintiff contends that Judge Smith violated his constitutional rights to due process under the 14th Amendment by giving little to zero consideration to all filings he has presented to the court, in proper motion format or not and in that case as Mr. Romagnano is not a licensed attorney before the bar as long as his legal arguments are sound he contends that his arguments should not be dismissed on grounds of format the way they would for a licensed attorney especially since Judge Smith in the course of this case made a typo in one of his own orders and used his judicial power to correct it, an issue that plaintiff has due process concerns over.

The willful ignoring by Judge Smith of the issues raised by plaintiff in his filings with the court, which the plaintiff has submitted as part of his right to present a pro se defense of himself as per his rights per *Faretta* have constituted an unconstitutional violation of the due process rights of the plaintiff and are denying him his ability to receive a fair trial in the case 13-3210 before the Circuit Court and Judge Smith has made little to no response to the filings by Mr. Romagnano even as he has acknowledged and made rulings on several filings offered by both Thomas Jefferson Deen III, former formal counsel for Mr. Romagnano in this case as well as those submitted by Matthew Paul Simpson, the Assistant District Attorney prosecuting this case for the state of Alabama.

Judge Smith may not like the ruling in *Faretta* but the ruling in *Faretta* is still precedent and the law of the land and Judge Smith has violated the right of the plaintiff to

a fair trial by ignoring his arguments and the large volume of material he has submitted to support it to argue that not only is he innocent but that the state has not even presented enough evidence to prosecute this as a charge.

Part of the relief that plaintiff seeks from this court is to require Judge Smith to do his duty and address the motions and arguments submitted by Mr. Romagnano regardless of their format. As the main defendant in this complaint is Judge Smith the litany of issues where plaintiff feels that Judge Smith has violated the constitutional rights of Mr. Romagnano per the 14th Amendment as well as the 6th Amendment, the 8th Amendment, and similar provisions within the Alabama Constitution of 1901.

Mr. Romagnano wishes to present a defense based on the 1st Amendment as well as similar language within the Alabama Constitution of 1901, a defense he is currently prevented by doing by the ruling in 12-1692, specifically the stipulation and the establishment of a set of formal "facts" that Mr. Romagnano disputes and that had he been properly informed and had received proper legal counsel in August 2012 he never would have made.

Mr. Romagnano contends that the action by Officer Owens in filing the petition that ultimately became 12-1692, and the refusal of Judge Smith to consider the arguments presented by Mr. Romagnano because of 12-1692 have violated the rights of Mr. Romagnano against self-incrimination as guaranteed per the 5th Amendment.

Plaintiff wishes to note that under the Alabama Constitution of 1901 he had a constitutional right to reasonable bail for the offense he was charged, a right denied by then District Judge Micheal McMaken, who also refused to even give Mr. Romagnano a chance to speak in his own defense which violated his right to be heard under Article I,

Section 6 of the Alabama Constitution of 1901 as his aunt Susan Hacker and biological

father Joseph M. Romagnano proceeded to argue amongst themselves out of their own

interests without concern for the plaintiff and that this constitutes a violation of his due

process rights under the 14th Amendment as well as all rights granted to criminal

defendants in Amendments 1 to 10 of the United States Constitution, hereafter referred to

as the Bill of Rights and it is for this reason that he is mentioned as a defendant in this

complaint even though he is deceased as it is necessary to establish that plaintiff's rights

were violated even at that stage of the case.

Plaintiff contends that his constitutional rights to a reasonable bail under the

Alabama Constitution were violated which constitutes a violation of his rights to due

process under the 14th Amendment of the United States Constitution and all rights

afforded to criminal defendants under the Bill of Rights were further violated by Judge

Bob Sherling who set a high bail that could be only payable in cash and not serviceable

by a bail bondsman even though that is not the typical practice in terrorist threat cases in

Alabama and it is for this reason that Judge Sherling is a defendant in this case.

Judge McMaken is also a defendant in this case along with Sheriff Samuel

Cochran and Warden Trey Oliver because plaintiff was brought into his courtroom in

jailhouse garb even though it was established in *Boswell v. Alabama* 537 F.2d 100 (1976)

that a criminal defendant has the right to attend all court appearances in clothes other than

assigned jailhouse clothes because when someone is presented in jail uniform and by

being denied that option by the staff at Metro Jail it perhaps prejudiced the late Judge

McMaken to make the decisions he made in reference to Mr. Romagnano and had Mr.

Romagnano been given the option of dressing in a suit and tie before appearing for Judge

McMaken it is very possible that he would have been given his time to speak and plaintiff maintains that had he been given his time to speak that this would have been settled and worked out in Judge McMaken's courtroom right then and there and so all subsequent due process violations that Mr. Romagnano contends he has suffered in this case originate with the violation of his rights per *Boswell* to appear in court in clothes other than jailhouse uniform, a decision which Judge McMaken is partially a defendant for in allowing himself to be influenced by such a factor but where responsibility ultimately lies with Warden Oliver who is under the direct supervision of Sheriff Cochran as one of the duties of a Sheriff under the Alabama Constitution is the maintenance of the county correctional facilities and it is in particular for the due process violations of *Boswell* which, even if it is not a federal decision is a decision applicable in Alabama and the 14th Amendment to due process covers all in state proceedings in Alabama as well as Article I, Section 6 of the Alabama Constitution of 1901 (his right to be heard as a criminal defendant) as well as all rights of criminal defendants that are protected within the Bill of Rights as well as Article I, Section 7 and  in particular Article I, Section 13 of the Alabama Constitution of 1901 which guarantees the right of open access to the courts in Alabama, rights which the plaintiff had denied to him by being hauled into court into jail uniform without being given the choice of other clothes in contravention of his rights in *Boswell.*

After Mr. Romagnano was released from confinement and was out on bail (cash bail which was paid by Susan Hacker on guarantee of $5,000 from Mr. Romagnano which Mr. Romagnano paid Hacker) he retained the services of Greg Hughes as his counsel. Hughes counseled him to skip the reading of the evidence which Mr.

Romagnano views as poor counsel because had Mr. Romagnano been there he would have disputed the state's case. Plaintiff found the representation provided by Mr. Hughes to be beyond lacking but at this time Mr. Romagnano does not wish to include him as a defendant in this case though such a step may be necessary later.

Circuit Clerk JoJo Schwarzauer is a defendant jointly and separately with District Attorney Ashley Rich and Assistant District Attorney Matt Simpson who are defendants jointly, Rich solely in her role as District Attorney of Mobile County who as an elected official has a responsibility to Mr. Romagnano to protect his rights under the Alabama Constitution, especially his right to access to the courts as guaranteed by the Alabama Constitution in Article I, Section 13 which plaintiff contends violates his due process rights per the 14th Amendment of the United States Constitution as well as the rights granted to criminal defendants per the Bill of Rights, but the main defendants are Assistant District Attorney Simpson who is the lead prosecutor in this case and Circuit Clerk Schwarzauer who denied Mr. Romagnano his opportunity to attend grand jury and speak in his own defense and in the case of Schwarzauer never even notified the plaintiff that his case was before grand jury so that he could speak in his own defense and given that Simpson is not a resident of Mobile County which runs concurrent with the 13th Judicial Circuit of Alabama both the District Attorney of Mobile County and the Circuit Clerk, also an elected official within Mobile County had a responsibility to the plaintiff to notify him of when grand jury was so he'd have the opportunity to at least dispute the claims made by the state and had the plaintiff been notified that the case was before grand jury and had been given the time and date he could have appeared and his appearance might have kept this case from going to indictment and the failure of the Mobile County

District Attorney's Office and the Mobile County Circuit Clerk's Office to notify the plaintiff that the case was being heard before grand jury as well as giving him his chance to attend, in addition to violating plaintiff's right to due process and all rights afforded to criminal defendants under both the United States Constitution and the Alabama Constitution of 1901 and the failure to notify plaintiff that his case was before grand jury and the failure to give the plaintiff and opportunity to attend violated his right to be heard under Article I, Section 6 of the Alabama Constitution of 1901.

Probate Judge Don Davis is listed as a defendant in this action not for anything he did in 2012. The injustice in his court suffered by plaintiff and the denial of his due process rights was due to the inadequate counsel of all those who took the role of counsel in the proceeding 12-1692. Where Judge Davis has violated the rights of plaintiff is that plaintiff typed up a request for Judge Davis to vacate the ruling in 12-1692 given the issues regarding legal representation and due process so that plaintiff could present his defense in 13-3210, granted not in proper former motion format, and so far plaintiff has heard not one word of response from Judge Davis and by failing to respond to plaintiff's inquiry defendant Davis is denying plaintiff the right to a fair trial as well as his right to due process per the 14th Amendment and all rights granted to criminal defendants under the United States Constitution and the Alabama Constitution of 1901 as well as the right of all criminal defendants who are mentally competent to represent themselves per *Faretta* and plaintiff is seeking relief against Judge Davis in this case to ensure that he can receive a fair trial if the weight of unconstitutional actions carried out in this prosecution is not so great that this honorable court chooses to throw it out for all the unconstitutional procedure employed and by failing to address the matter he is also

denying plaintiff his right to redress through the courts through Article I, Section 13 of the Alabama Constitution which also constitutes a violation of Mr. Romagnano's 14th Amendment due process rights.

The key defendant in this action is Judge Robert Smith, who since April 2014 has willfully disregarded the rights of the plaintiff to make motions and submit material in his own defense as established by *Faretta v. California* and who has ignored all the submissions made by the plaintiff to the court even though given the evidence provided by plaintiff when matched against the evidence provided by the state and the statute plaintiff is charged under as well as the decision *in P.J.B. v. State of Alabama* which was precedential law when plaintiff was charged and remains precedential law in Alabama and that the willful actions of Judge Smith in disregarding the submissions by the plaintiff constitute a violation of his right to due process per the 14th Amendment under all constitutional protections provided by the Alabama Constitution of 1901 and the U.S. Constitution and Judge Smith's disregard for plaintiff's rights to self-representation under *Faretta* have been so extreme, as plaintiff will demonstrate, that it demands action from this court to assure that plaintiff's rights to due process will be protected in this case, especially since Judge Smith has ignored multiple entreaties by plaintiff contending that his due process rights are being trampled on and by delaying on the motions by claiming he is waiting on an *Elonis* decision, which in effect is him trying to apply a decision which counts as common law ex post facto to a case which transpired before the case was ever before the U.S. Supreme Court.

Plaintiff wishes to note that all references to "Wiltberger v. Wheat" in filings in 13-3210 were typos on his part that he wishes to correct in this filing to be properly applied in consideration of the arguments provided in those rulings by pointing out that he was making reference to *United States v. Wiltburger* and the confusion was an error of transposition as the case appears in the Wheat reporter.

The plaintiff wishes to present a defense very heavily reliant on *P.J.B. v State* which established that intent was necessary for another element of the terrorist threats charge while not addressing the section the plaintiff challenges but where the plaintiff contends the intent logic that was applied by the Alabama Court of Criminal Appeals to the part P.J.B disputed would also be validly applied to the part that plaintiff disputes but also wishes to incorporate a true threats defense, a defense based on the 1st Amendment exercise religion due to the fact that as a Catholic and because the original person who filed the criminal complaint did so in his capacity as an employee of a Catholic institution and Catholics within the Catholic church have a set of rights before any church entity that plaintiff believes would require this to be a church matter before it would be a matter for the civil legal system, the arguments for which can be found in the submissions plaintiff made to the court in his defense in 13-3210 and which he does not include here only because his requested relief asks for this court to consider all his submissions and to try and keep this filing as brief as possible.

If a Baptist enters into a relationship with a Catholic institution then they only have a secular relationship but if a Catholic who has not been excommunicated enters into a relationship with a Catholic institution both individual Catholic and institution are covered by Catholic Canon Law and the plaintiff contends this is a misunderstanding and

was brought into the civil legal system before all appropriate avenues within the church

legal system were exhausted and it is a defense he could not present if he were not a

baptized and confirmed Catholic but he is and so he wishes to present this defense.

The plaintiff also wishes to present a defense based on rulings in *U.S. v Cassel*,

408 F.3d 622 (2005), *Troy Group Inc. v. Tilson*, 5364 F.Supp.2d 1149 (2005), *Rodriguez

v. Maricopa County Community College Dist.*, 605 F.3d 703 (2010), *U.S. v. O'Dwyer,

443 Fed. Appx 18* (2011) as well as others which the plaintiff will present in his defense

at trial if he is allowed to present the defense he wishes to present if it makes it to trial

given some of the relief options the plaintiff is requesting.

## I.   DUE PROCESS COMPLAINT AGAINST CIRCUIT JUDGE ROBERT SMITH, DEFENDANT, OF THE 13TH JUDICIAL CIRCUIT OF ALABAMA

Judge Robert Smith has violated the due process rights of plaintiff under the

14th Amendment of the Constitution as well as plaintiff's right to a speedy

trial under both the Alabama and United States Constitutions through refusal

to even address the submissions and motions made by the plaintiff before his

court including motions filed on multiple occasions to dismiss the charges for

lack of evidence and in doing so has violated the plaintiff's right to be heard

as is guaranteed by Article I, Section 6 of the Alabama Constitution of 1901.

By "waiting on *Elonis*," Judge Smith is attempting to apply law to the

plaintiff's case is an ex-post facto fashion if the decision will be used in any

matter to render a guilty verdict where such a verdict would otherwise not be rendered in absence of the decision and the plaintiff and plaintiff wishes to note even if he himself has asked for extensions in the motions Judge Smith has ignored in violation of his rights to pro-se representation under *Faretta* the fact is if those motions had been granted then the plaintiff would of course not be able to make the denial of speedy trial claim against Judge Smith as Judge Smith would have been comporting with plaintiff's wishes but by ignoring plaintiff and by even making dismissive comments towards the plaintiff's submissions in a December 2014 court appearance Judge Smith has opened himself up to a claim for due process violation for denial of speedy trial through his inaction and indifference to all the submissions the plaintiff has made on his behalf and to be clear when you look at the evidence file in 13-3210 no one has worked harder in this case than the plaintiff despite his limited resources and being unfairly matched against the might of the District Attorney's Office, an unfair advantage plaintiff sought to rectify in motions filed in December 2014 and January 2015 which were of course ignored by Judge Smith in violation of the plaintiff's due process rights under both the U.S. Constitution and the Alabama Constitution.

The plaintiff wishes to note that Article I, Section 6 of the Alabama Constitution states thusly:

"That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to testify in all cases, in his own behalf, if he elects to do so; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law, but the legislature may, by a general law, provide for a change of venue at the instance of the defendant in all prosecutions by indictment, and such change of venue, on application of the defendant, may be heard and determined without the personal presence of defendant so applying therefor; provided, that at the time of the application for the change of venue, that defendant is imprisoned in jail or some legal place of confinement.

## A. INSTANCES OF VIOLATION OF THE PLAINTIFF'S DUE PROCESS RIGHTS AND RIGHT TO A FAIR TRIAL BY IGNORING HIS RIGHT TO PRO-SE LITIGATE AS ESTABLISHED BY *FARETTA V. CALIFORNIA*, 422 U.S. 806 (1975)

Plaintiff contends that primary defendant, Circuit Judge Robert Smith of the 13th Judicial Circuit of Alabama, has denied him his rights to a fair and

speedy trial and to his rights to due process under law by failing to consider all the motions and submissions he had made to the court even though the overwhelming bulk of the case file in 13-3210 has been submitted by the plaintiff which his right to do so is protected by the decision in *Faretta v. California* which remains legal precedent in the United States of America, especially when the plaintiff's submissions he contends completely destroy the state's and he has multiple motions calling for the dismissal of the state's case based on lack of evidence to substantiate the charge made against him. The injuries committed by the inaction of Judge Smith to even consider what the plaintiff has submitted include:

1.  Violation of the plaintiff's 6th Amendment rights in order of May 6, 2014 forbidding the use of recording equipment in court ordered mental evaluation with Dr. Douglas McKeown which made it a case of doctor's word versus plaintiff's without the neutral arbiter that recorded tape would have been.

2.  Motion for dismissal submitted May 16, 2014 has yet to be addressed by Judge Smith and neither has addendum of May 19, 2014. They may have been improperly formatted in terms of proper motion format but they contain good law and good legal arguments and should have at least been heard because plaintiff contends that if they had this case would have been properly dismissed in 2014.

3. Judge Smith never responded to request submitted by plaintiff for a wiretap of his then phone line at 251-753-7637 which he viewed as necessary as his communication was a cell phone and it is not as easy to record a cell phone conversation on conventional tape recorder as it is to record on a LAN line phone which contains a speakerphone. The plaintiff now realizes you could do the same with a cell phone on speakerphone but for whatever reason he did not at the time and at the time it was a reasonable request.

4. No consideration of the complaint against Dr. Douglas McKeown and objections of due process filed May 20, 2014.

5. Motion for restrictions on court ordered mental evaluation filed by plaintiff on April 23, 2014 never addressed by Judge Smith.

6. Request for postponement and help from the court in finding gainful employment given that plaintiff's difficulty in doing so stem in part from this case and the plaintiff is supposed to be treated innocent until found guilty never addressed by Judge Smith.

7. Plaintiff's statement to the court releasing Thomas Jefferson Deen III as counsel was never acknowledged by Judge Smith but when Deen filed the motion to withdraw as counsel Judge Smith recognized him as withdrawn even though a criminal defendant (and anyone with any business before any court for that matter) has the right to fire their counsel and by ignoring the submission made by the plaintiff and instead showing deference to that of Mr. Deen the defendant, Judge

Smith, showed outright disregard for the plaintiff's legal rights within in court including the right to pro-se representation as per *Faretta v. California.*

8. May 27, 2014 statement to the court containing supplemental arguments to the May 16, 2014 motion to dismiss, even if not in proper motion format (which really can't be required of a pro-se litigant as long as they are getting the law right) have yet to be addressed, also contains due process complaints due to the way this case has been handled.

9. Plaintiff is unaware of whether action has been taken on his subpoena of Verizon Wireless submitted December 29, 2014 and plaintiff believes again his *Faretta* rights have been ignored and the court has taken no action.

10. Plaintiff is unaware of whether action has been taken on subpoena of al.com Thyrie Bland of December 22, 2014 which plaintiff requested because he believes the necessity originated from an instance of prosecutorial misconduct which was designed to taint the jury pool to try and inhibit his defense and opportunity for a fair trial.

11. No action on motion of December 18, 2014 motion which contains complaints of prosecutorial misconduct against Assistant District Attorney Matt Simpson and the Mobile County District Attorney's Office and all employees in general.

12. Motion for discovery made in December 2014 with the intent to comply with an order Judge Smith made at the request of Assistant District Attorney Simpson has yet to be addressed.

13. Motion filed on January 8, 2015 for subpoenas necessary for defense not acted on per plaintiff's knowledge.

14. Motion to Dismiss of December 21, 2014 which largely restates the May 16, 2014 motion and some of the subsequent addenda has yet to be addressed even though it like all submissions the plaintiff has made in his defense has been under his rights to self-defense in a court of law guaranteed by *Faretta*.

15. December 29, 2014 motion requesting AlaCourt access as the state possesses has not yet been addressed even though plaintiff views it as critical in order to be on an even keel with the state and able to wage a fair fight in his defense.

16. Bond reduction motion of January 14, 2015 has yet to be addressed.

17. Jan 8, 2015 motion concerning equal access to Government Plaza as employees of the Mobile County District Attorney's Office (on equal protection grounds) not yet addressed.

## II. RELIEF SOUGHT

## A. RELIEF SOUGHT FROM THE COURT IN GENERAL

1. Given the violations of due process rights of plaintiff, Chase Anderson Romagnano, prior to indictment, per actions that plaintiff has assigned responsibility for to defendants Owens, McMaken, Sherling, Cochran, Oliver, Rich, Simpson, and Schwarzauer, in particular the decision by defendant McMaken to deny plaintiff his chance to speak in his defense which if he had been given such a chance may have well prevented the entire process that plaintiff claims has violated his constitutional rights from getting started that the indictment against plaintiff Chase Anderson Romagnano be **dismissed with prejudice and sealed** because it was an indictment obtainable only through the violation of the due process rights of plaintiff and given that had plaintiff's due process rights been respected from the beginning that this never would have made it to. The plaintiff further requests that this court evaluate his use of *Boswell* under the standard established by *RAV v. St Paul* 112 S.Ct. 2538 (1992) where a federal court applied the logic of a state Supreme Court to a state law because even if such a right does not exist in federal court it does exist in Alabama courts per *Boswell* as so if an Alabama court violates that right in an Alabama case then it is a violation of due process rights.

2. That this court fully read the entire body of evidence and all arguments submitted by plaintiff and determine whether in a case where there was no set "facts" per "stipulation" if given the evidence presented by the state to substantiate the charge of "terrorist threats" under § 13A-10-15 of the Alabama Code of 1975 establishes definitely that the statements alleged to be terrorist threats are such and that any

reasonable person would say so as they would with a statement of "I'm going to kill you and smash your car in with a baseball bat," or if there is enough vagueness and ambiguity there that two reasonable persons could disagree and if the plaintiff was allowed to present his defense that the text itself was not violent per his intent due to vagueness that such an argument could lead to a verdict of not guilty and if the plaintiff were permitted to present this argument and the judge were to consider it that the plaintiff would as he contends stand a reasonable chance of being found not guilty based on the evidence and would the stipulation in 12-1692 prevent the plaintiff from preventing this defense and he currently contends it does.

3. Given the lack of adequate legal counsel where the plaintiff was not fully aware that he was stipulating to the fact pattern offered by defendant Owens in 12-1692 and that had he been aware that he was agreeing with the fact pattern that plaintiff would not have stipulated and would have in fact answered to every question in the Adult Evaluation Unit at Altapointe on Knollwood Drive that "I can't answer that question per the 5th Amendment because it might incriminate me" that the ruling in 12-1692 be **vacated and sealed** with prejudice and sealed while being vacated restoring the plaintiff his gun rights, whether or not the relief sought in IIA1 is granted and especially if when IIA2 is carried out it is determined that if the plaintiff was able to present his defense based on intent and the 1st Amendment.

4. That the court consider the arguments presented by the plaintiff in his motions to dismiss in May 2014, whether in proper motion format or not, to determine

whether he has proven in the absence of any "stipulated" fact pattern that cannot

be disputed by the defense (plaintiff) that would state otherwise that he has

presented an argument that would merit the case being dismissed as he claimed at

the time (and still claims) based on lack of evidence to substantiate the charge and

that if so this court order it **dismissed for lack of evidence and sealed** with

prejudice or remand it back to Judge Smith ordering him to **dismiss with**

**prejudice for lack of evidence and seal it** or at the very least order him to

actually address the arguments presented by the plaintiff and make rulings on

them that the plaintiff can either accept or challenge on appeal in the case of a

conviction.


### B. RELIEF SOUGHT AGAINST PROBATE JUDGE DON DAVIS

1. Whether or not this court grants the relief sought in IIA3 the plaintiff requests that this

court order Judge Davis to make a formal response to the plaintiff concerning his request

to vacate 12-1692 especially since vacating that decision and especially the "stipulation"

that led to that decision may be necessary for the plaintiff to present the defense

necessary for him to receive a fair trial on the charge alleged in 13-3210 and that if it is

determined in IIA2 that such would be necessary for the plaintiff to present the defense

he wishes to present that Judge Davis be ordered to **vacate** his decision in 12-1692 and

rule the stipulation in the complaint made by defendant Owens null and void so the

plaintiff can present his defense against the charges offered by the state.


### C. RELIEF SOUGHT AGAINST CIRCUIT JUDGE ROBERT SMITH

1.If it is determined by the court in IIA2 that for the plaintiff to present the defense he wishes to present as illustrated by what he has said here and in his submissions that such a defense would require the stipulation in 12-1692 to bee null and void and if this court will not vacate 12-1692 as plaintiff requested in IIA3 nor order Judge Davis to vacate that Judge Smith, as a judge who by being a Circuit Judge has authority over Judge Davis **vacate** that ruling so plaintiff can present the defense he wishes to present in 13-3210.

2. That this court, after reviewing the arguments the plaintiff has submitted as requested in IIA2 concurs with the plaintiff that his arguments presented here have merit that Judge Smith be ordered to consider those arguments and all motions and due process objections, whether or not they are in proper motion format as long as the legal arguments and points made by the plaintiff are sound.

3. That Judge Smith and other Mobile County and Alabama judicial officials be enjoined from revoking plaintiff's bond as retaliation for his bond reduction motion (which is his right and which because he had a cash bond would result in cash paid out to him) or for this filing before this honorable court which is his right.

4. That all 17 points addressed in IA in all 17 subsections are addressed by Judge Smith if the court if plaintiff's request for relief in IIA1 is not granted.

5. That if per IIA2 and the arguments presented in all motions to dismiss would, in the absence of the stipulations result, when combined with the language of § 13A-10-15 and the evidence submitted by the state to substantiate the charges against the plaintiff that Judge Smith be ordered to **dismiss with prejudice and seal** 13-3210 for lack of evidence.

## D. <u>CASES THAT PLAINTIFF WISHES THIS CASE TO BE EVALUATED AGAINST</u>

Some of the cases mentioned here such as *Watts v. United States*, 394 U.S. 705 (1969),

*NAACP v Claiborne Hardware Company*, 458 U.S. 886 (1982), *R.A.V. v. St. Paul* 112

S.Ct. 2538, *Virginia v. Black*, 538 U.S. 343 (2003), the plaintiff has discussed in his

defense before Judge Smith's court since May 2014.

The issue the plaintiff has had is that not many cases concerning the statute he is

charged under have made it through the rounds of the appellate courts in Alabama

especially when compared to other states. For whatever reason it's just not made the

rounds of the appellate courts which has forced the plaintiff to rely mainly on *PJB v.*

*State of Alabama* 999 So.2d 581 (2008) and then on the true threats doctrine as the main

line of his defense.

True threats is one of the murkiest areas of law as the plaintiff has found through

his research but Alabama Code of 1975 13A-10-15 which he is charged under, in order to

be constitutional, has to use some form of constitutional speech prohibition in order to be

such and plaintiff has concluded it would fall most likely under true threats because it is a

threat statute and secondarily under obscenity. The Alabama Court of Criminal Appeals

looked to other states to guide their actions in *P..J.B* but the plaintiff is aware that out of

state decisions are not precedential in Alabama when issued by a non-federal court and

again the problem is that the 11th Circuit comparatively has not had as many challenges

on laws such as these as other circuits.

**WHEREFORE** this pro se plaintiff prays that this Honorable Court to grant this addendum to the request for relief he has requested so that his due process rights under the 14th Amendment of the United States Constitution and his rights as a criminal defendant under the United States Constitution and Alabama Constitution may be protected while realizing it is within the discretion of this honorable court to decide what relief, if any, is appropriate in this matter.


CHASE ANDERSON ROMAGNANO
PRO-SE PLAINTIFF
2156 VENETIA ROAD
MOBILE, AL 36605