```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

CHASE ANDERSON ROMAGNANO,       :
                                :
       Plaintiff,             :
vs.                             :   CIVIL ACTION 15-00108-WS-M
                                :
JUDGE ROBERT SMITH, et al.,     :
                                :
       Defendants.            :


## REPORT AND RECOMMENDATION

    Plaintiff, who is proceeding pro se, filed a complaint and Motion to Proceed Without Prepayment of Fees (Docs. 1, 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(d), and is now before the Court for Plaintiff's failure to prosecute and to comply with the Court's Order.

    On June 16, 2015, Plaintiff's Motion to Proceed Without Prepayment of Fees was denied and Plaintiff was ordered to pay the $400.00 filing fee by July 2, 2015 (Doc. 9). On July 2, 2015, Plaintiff filed a Motion for a Continuance to pay the filing fee (Doc. 10). The Motion was granted on July 10, 2015, and Plaintiff was ordered to pay the $400.00 filing fee in four payments so as to not deprive him of the basic necessities of life. The first payment of $100.00 was due by August 7, 2015. The second payment of $100.00 was due by September 4, 2015. The third payment of $100.00 was due by October 2, 2015. The fourth payment of $100.00 was due by November 6, 2015

(Doc. 11).  Plaintiff was warned that his failure to comply with the Order within the prescribed time, which included the missing of just one payment, would result in the dismissal of his action for failure to prosecute and obey the Court's Order.

As of this date, Plaintiff has not made any payments, nor has he otherwise responded to the Court's Order.  The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by not making a $100.00 payment for August 7, 2015, and for September 4, 2015, and upon consideration of the alternatives that are available to the Court, it is recommended that, through the Court's inherent powers, this action be dismissed without prejudice.  Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir.) (The court "has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."), cert. denied, 549 U.S. 1228 (2007); see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing

dismissals pursuant to the court's inherent power and noting cases where this type of dismissal has been conflated with a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 11th day of September, 2015.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE